IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JON AISD DOE** § | |
| Plaintiff, § | |
| § | |
| vs. § | **CIVIL ACTION NO. 1:20-cv-00750-LY** |
| § | |
| **AUSTIN INDEPENDENT** § | |
| **SCHOOL DISTRICT** § | |
| Defendant. § | |

## PLAINTIFF'S FIRST-AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff **JON AISD DOE** to file this "Plaintiff's First-Amended Complaint" against the Defendant as follows:

### PREAMBLE

*Plaintiff Jon is a student (attending Defendant Austin-ISD) who has been verbally abused and publically ridiculed by Jon's teachers, physically assaulted by other students, and most recently threatened with his life by Jon's fellow students. Why? Because Jon sought a true diversity of thought and discussion at his schools, which included Jon having the audacity of supporting the President of the United States. After pursing  he non-judicial remedies available (only to be rejected and ignored by the Board of Trustees of Defendant Austin-ISD, thereby granting Jon's teachers and fellow student with ad hoc approval to continue the targeting, harassment, physical assaults, and violations of Jon's First Amendment rights), Plaintiff now seeks damages for the harm caused by Defendant.*

### A. NATURE OF THE SUIT

1.  Plaintiff Jon (defined hereafter) is a minor, male who is a student attending Defendant Austin-ISD (defined hereafter) who should

have a direct path to college and a life without any foreseeable pain or anxiety resulting from harassment and physical assaults. Jon's future, however, was forever changed by the harassment, targeting, and physical assaults against Jon by his classmates, the verbal abuse directed at Jon by his teachers, and the approval of same by the Board of Trustees of Defendants Austin-ISD.

2.  As a result of such intentional harassment, targeting, retaliation, and assaults, Jon's future career and employment opportunities have been forever limited and his First Amendment right of expression permanently shut down as long as Jon attends Defendant Austin-ISD.

3.  Plaintiff Jon now files this original action for damages pursuant to:

> 42 U.S.C. § 1983 as to:
>
> Defendant Austin-ISD's denial (under the color of law) of Plaintiff Jon's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and
>
> Defendant Austin-ISD's denial (under the color of law) of Plaintiff Jon's First Amendment rights of expression and assembly.

## B. PARTIES

4. Plaintiff **JON AISD DOE** ("Jon") is a minor, high school student residing in the State of Texas.

5. Because Plaintiff Jon is a minor, this matter is being brought by his parents, M.W. and B.W., as Jon's next best friend.

6. Because of the privacy issues involved in this matter and the fact that Jon is a minor, Jon is hereby exercising Jon's rights to proceed with this matter anonymously. This action is being brought by Jon's parents as Jon's next best friend.

7. The need to protect the identity of Plaintiff Jon does not hinder the defense of this matter by Defendant Austin-ISD, for the facts are well known to the Defendant Austin-ISD. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to a defendant, the protection of Jon's privacy prevails.

8. At such time as the Court might agree on procedures designed to protect the privacy of Plaintiff Jon, Jon's identity shall be disclosed, as well as the identity of Jon's parents bringing this action.

9. Defendant **AUSTIN INDEPENDENT SCHOOL DISTRICT** ("Austin-ISD") is a public school district operating in the State of Texas as a

political subdivision of the state of Texas. Defendant Austin-ISD and has made an appearance herein. Defendant Austin-ISD receives funding from the United States and is under the supervision of the U.S. Department of Education.

### C.  JURISDICTION

10. This Court has original jurisdiction over this matter pursuant as involving a *federal question* proceeding arising under: 42 U.S.C. § 1983 ("Section 1983"). Further, this Court may exercise supplemental jurisdiction over Plaintiff Jon's negligence claims arising under Texas law pursuant to 28 U.S.C. § 1367.

### D.  VENUE

11. Venue for this action is proper in the Western District of Texas, Austin Division, in that all of the acts or omissions complained of herein occurred in the City of Austin, Travis County, Texas, which is within the Austin Division.

### E.  FACTUAL ALLEGATIONS

#### *Who is Plaintiff Jon?*

12. Plaintiff Jon is an intelligent young man with a strong academic history, who also hold strong beliefs that everyone has a right to own and express differing opinions.

13. Plaintiff Jon is well read on all sides of various political and social issues and believes that everyone benefits from a free and open debate of such issues.

14. Plaintiff Jon has a heart as large as the Blue-Sky above him, has never been involved with drugs or alcohol and has never threatened or denigrated anyone.

15. Most unfortunately, Defendant Austin-ISD does not believe that diversity of thought includes holding views that differ from the majority of the students and the intelligentsia of Defendant Austin-ISD, particularly the right of supporting the President of the United States.

### *Defendant Austin-ISD's Hypocrisy.*

16. On June 3, 2020, Defendant Austin-ISD issued the following public notice:

> "We stand firm on ensuring equitable and inclusive practices continue every day. We are committed to holding each other responsible for nurturing the school environments that welcome multiple perspectives. We are committed to embed these practices [*into our administrators and principals*] every single day….All families deserve to raise their children in a community and world that is free of racism, discrimination and violence. We will be an even stronger community by working together, with purpose, empathy and respect united in our vision for our students."

17. Unfortunately, the foregoing principles do not apply to Plaintiff Jon, for while attending Defendant Austin-ISD, Defendant Austin-ISD has not kept Jon free from racism, discrimination, and violence. Rather, Defendant Austin-ISD has made Jon the open target of such acts.

### *Harassment, Targeting, and Retaliation.*

18. Looking initially at the most recent acts taken towards Jon and allowed by Defendant Austin-ISD, on March 12, 2020, while the schools of Defendant Austin-ISD were still open, Jon was personally confronted by another student who publically stated for all to hear:

> "oh my f---ing god, I am going to kill all Trump supporters, I don't give a s—t who hears it. I want to kill them all."

(hereafter, "Death Threat").

19. The Death Threat was made in front of Plaintiff Jon's educators who had direct supervision over the student making the foregoing threat. Such educators did nothing to protect Jon.

20. Notwithstanding the "No place for Hate" statements posted throughout Defendant Austin-ISD, Defendant Austin-ISD is apparently a place for hate if you support the President of the United States.

21. As with many other prior assaults and threats made against Plaintiff Jon, the Death Threat was reported to Jon's teachers and

administrators, with nothing being done to ensure Jon's safety. Ironically, the lock down from the COVID-19 pandemic has done more to protect Jon from harm than anyone at Defendant Austin-ISD ever did.

22.   Beginning with Plaintiff Jon's years at O'Henry Middle School and continuing and worsening during Jon's time at Austin High School, Jon has been the victim of verbal and physical abuse by other students because of Jon's political views all while under the watchful eye of the school administrators who did nothing but watch and participate.

23.   Since the filing of this matter, counsel for Plaintiff Jon has been informed of another student who, while attending O'Henry Middle School, was also harassed and targeted because of such student's political beliefs in favor of the President of the United States. Plaintiff Jon's counsel continues to also receive calls from various educators and parents of other students attending Defendant AISD who have been targeted and bullied because of their support for the President of the United States.

24.   Plaintiff Jon's educators have also taken part in the targeting and harassment of Jon themselves, including one teacher screaming at the top of her lungs, in class, at Jon, (hereafter, the "Screaming Abuse") simply because she thought that Jon held certain political views. In actuality, as to

that event, Jon's views and those of the screaming teacher were actually aligned.

25.     A video taken of the Screaming Abuse shows Plaintiff Jon's educator berating and screaming at Jon, while other students within the class were standing behind such teacher, also screaming and yelling at Jon. All of the students participating in the Screaming Abuse were under the control and supervision of the screaming educator.

26.     Plaintiff Jon was a member of the school debate team and would often express his Frist Amendment right to express Jon's political views. Jon would also express such rights when discussing national political issues.

27.     Plaintiff Jon often made suggestions to his debate teacher as to how the classroom and discussions during class could be revised to support a true diversity of thoughts. Jon was ignored by his debate teacher.

28.     Because Plaintiff Jon exercised his protected right to express his political views, Plaintiff Jon's peers, with the acceptance of the educators and administrators of Defendant Austin-ISD who had direct supervision and control over such students, routinely publically called Jon out as being Homophobic (which Jon is not), Xenophobic (which Jon is not), Racist (which Jon is not), Islamophobic (which Jon is not), a Klansman (which Jon

is not), Deplorable (which Jon is not), and a Nazi (which Jon is not) (hereafter, "Student Targeting").

29. Plaintiff Jon's Great-Grandfather did not survive the atrocities of the Kraków-Płaszów concentration camp, and Jon is proudly named after a man of African-American descent, whose grandmother was born as a slave. For Defendant Austin-ISD to sit back and allow Jon to be called a Nazi and a Klansman by Jon's peers is unfathomable.

30. Nonetheless, Plaintiff Jon's educators and administrators never took meaningful steps to stop the Student Targeting of Jon leading to the Assault) defined hereafter).

31. With Plaintiff Jon's educators and administrators doing nothing to stop the Student Targeting of Jon, some of the students, not surprisingly, believed it would then also be acceptable to physically assault Jon, which did occur ("Assault").

32. Plaintiff Jon was assaulted in the face by a fellow student, in front of Jon's educators who took no steps to prevent the Assault, even though such educators and administrators were well aware of the Student Targeting and the threats being made to Jon by his fellow students.

33. Believing that the policies of the Board of Trustees ("Board") of Defendant Austin-IDS were applicable to everyone, Plaintiff Jon's

parents filed various grievances in futile attempts to stop the targeting, harassment, physical assaults, and denial of Jon's freedom to speak and assemble.

34. From the Fall of 2018 through 2019, Plaintiff Jon's parents filed at least three formal grievances ("Grievances") in accord with the policies and procedures of the Board of Trustees ("Board") of Defendant DISD.

35. At each step of the process handling the Grievances, Plaintiff Jon was denied relief and denied protection from other students and educators.

36. Although not comprehensive, the following list of educators and administrators of Defendant Austin-ISD all knew of Jon's plight and did nothing to protect Jon:

    (a)    Superintendent Paul Cruz; and

    (b)    Geronimo M. Rodriguez, Jr., President of the Board;

    (c)    Ms. Henry;

    (d)    Dr. Craig Shapiro,

    (e)    Ms. Cooney;

    (f)    Mr. Matheny;

    (g)    Mr. Meadows;

  (h) Mr. Maddox;

  (i) Ms. Kara Mosher;

  (j) Ms. Taylor; and

  (k) Ms. Jenkins.

37. Finally, Plaintiff Jon and his parents were allowed the opportunity to seek help from the Board directly on September 16, 2019.

38. During the Board meeting, Jon actually read a very personal statement endorsing the value of Diversity of Thought.

39. As Plaintiff Jon stated to the Board:

> **"Diversity of thought is the most important type of diversity there is. You can look different, talk different, date different, and have different color skin. But if you all think the same, then there is no real diversity.**
>
> **…**
>
> **Like the amazing Dr. King said. "One day I hope my son will be judged, not by the color of his skin, but by the content of his character." If we all do that-- judge people by the content of their character-- and practice diversity of thought, the world will be a much better place."**

40. Plaintiff Jon should have saved his breath as Jon's statement not only fell on the deaf ears of the Board, but also drew the verbal wrath of the Board (directed at Jon's legal counsel) for even bringing the grievance to the Board.

41. The members of the Board voting to allow the continued harassment, targeting and assaults against Plaintiff Jon, and, the denial of Jon's First Amendment rights were:

    (a)    LaTisha Anderson;

    (b)    Kristin Ashy;

    (c)    Amber Elenz;

    (d)    Arati Singh;

    (e)    Ann Teich; and

    (f)    Yasmin Wagner.

42. Having to endure the foregoing harassment, assaults, targeting, retaliation, and death threats, Plaintiff Jon was denied the full educational opportunities otherwise available to Jon while enrolled with Defendant Austin-ISD.

43. Notwithstanding that Jon continues to do the best Jon possibly can, Jon's future educational and professional career have been forever altered.

### *Defendant Austin-ISD's Deliberate Indifference towards Jon.*

44. Defendant Austin-ISD's foregoing actions towards Plaintiff Jon affirm Defendant Austin-ISD's conscious disregard of the known and

substantial and excessive risk to Jon's health and safety, at a level that is shockingly unconscionable.

45. If a gay, Black, brown, Asian, immigrant, or liberal employee of Defendant Austin-ISD was treated the way Plaintiff Jon has been treated, the perpetrators would have been harshly dealt with by Defendant Austin-ISD. However, Jon has been dealt with differently than his fellow students.

46. Further, no students supporting Democratic or liberal national personalities were ever treated the way Plaintiff Jon was as to the harassment, targeting, and assaults.

47. Although Defendant Austin-ISD does advertise that Austin-ISD is "No place for Hate," for Plaintiff Jon the policy has a tag line of "*Unless We Hate You*," which we do because you support the President of the United States."

### *Defendant Austin-ISD's Action Under the Color of State Law.*

48. Defendant Austin-ISD's administrators participating and causing injury to Plaintiff Jon, are the applicable persons delegated with implementing and were implementing the policies and customs of Defendant Austin-ISD when harming Jon.

49. Further, if such policies are not, in fact written, each of the administrators participating and causing the injury as to Plaintiff Jon were

implementing the policies and customs of Defendant Austin-ISD in accord with the customs and practices of Defendant Austin-ISD.

50.     Further, the denial by the Board of Defendant Austin-ISD of the Grievances brought by Plaintiff Jon's parents is a direct a ratification and endorsement by the Board (being the policy maker of Defendant Austin-ISD) that the custom, practice, and policy of the Board is to allow the actions against, and discrimination of, Jon.

### *Administrative Remedies.*

51.     Although there are no administrative remedies required prior to seeking relief under the laws being invoked herein by Plaintiff Jon, Jon did, in fact, attempt to pursue all administrative remedies known to Jon and Jon's parents. No one at Defendant Austin-ISD was ever listening.

52.     If any other administrative remedy were available and not pursued by Plaintiff Jon, the actions of Defendant Austin-ISD have shown that such efforts would have been futile.

53.     Further, Defendant Austin-ISD does receive funding from the United States of America and has an obligation to allow Jon to exercise his constitutional rights.

54. As a result of the foregoing described actions committed by Defendant Austin-ISD against Plaintiff Jon, Jon was forced to engage an attorney and pursue this action to redress such wrongs.

55. Based on the sheer number of Grievances filed by Plaintiff Jon's parents and the extensive number of conferences held between Jon's parents and administrators, educators, and even the lawyer for Defendant Austin-ISD, a special relationship was forged between Plaintiff and Defendant.

56. All conditions precedent to the filing of this lawsuit have occurred.

### F.   PLAINTIFF'S CAUSES OF ACTION

57. Plaintiff incorporates by reference the facts set forth in Article E: FACTUAL ALLEGATIONS hereof.

### COUNT ONE- 42 U.S.C. § 1983

58. Section 1983 of Title 42 of the United States Code provides, in part:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

59.     The facts set forth herein demonstrate that Plaintiff Jon has been deprived of Jon's (a) right to bodily integrity guaranteed by the 14th Amendment to the U.S. Constitution, (b) substantive and procedural due process rights to redress Jon's injuries as such rights are guaranteed by the 14th Amendment to the U.S. Constitution, (c) equal protection rights guaranteed by the 14th Amendment to the U.S. Constitution, and (d) to exercise his First Amendment rights to expression, assemble, and publically seek redress for wrongs, free of fee of retaliation, such foregoing deprivations being actionable under 42 U.S.C. § 1983.

60.     Pleading further, the Board of Defendant Austin-ISD having been notified of the specific facts and circumstances pled herein during the Plaintiff Jon's exhaustion of administrative remedies, has ratified and affirmed the actions of Defendant Austin-ISD.

61.     Plaintiff Jon has been directly and proximately harmed by the Defendant Austin-ISD's acts and omissions as pled herein, and has suffered damages for violations of the constitutional rights, including but not limited to physical pain and mental anguish, medical expenses, and loss of opportunity in future educational and professional endeavors.

62. Plaintiff Jon, therefore, now seeks compensatory damages from Defendant Austin-ISD pursuant to 42 U.S.C § 1983, as well as attorneys' fees pursuant to 41 U.S.C. § 1988.

## COUNT TWO-NEGLIGENCE

63. Because Defendant Austin-ISD knew of the risks facing Plaintiff Jon and did nothing to protect Jon, resulting in Jon being assaulted, Defendant Austin-ISD is responsible for the physical harm suffered by Jon,

64. The facts set forth herein as to Plaintiff Jon further show that Defendant Austin-ISD intentionally bullied, targeted, and retaliated against Jon as well as allowing Jon to be bullied and physically assaulted by others, thereby directly creating and causing Jon to be physically assaulted.

65. Further, the facts set forth therein show that acts and omissions of Defendant Austin-ISD directed towards Plaintiff Jon were negligent, in that Defendant Austin-ISD failed its duty of care to meet the standards of conduct that would be exercised by a reasonable person in the same or similar circumstances.

66. As a direct and proximate result of Defendant Austin-ISD's acts and omissions, Plaintiff Jon has suffered injuries, including but not limited to physical pain and mental anguish, and the loss of opportunity in future

educational and professional endeavors. Plaintiff Jon, therefore, now seeks compensatory damages for such injuries.

## COUNT THREE: PUNITIVE DAMAGES

67. Defendant Austin-ISD's actions against Plaintiff Jon in violation of Section 1983 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jon's federally protected rights, thereby entitling Jon to punitive damages pursuant to Section 1983, for which Plaintiff Jon now seeks.

## COUNT FOUR: POST JUDGMENT INTEREST

68. Plaintiff Jon also requests post judgment interest as may be allowed by applicable law.

### G. REQUEST FOR JURY

69. Plaintiff hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented thereto.

### H. PRAYER FOR RELIEF

70. Wherefore, premises considered, Plaintiff Jon prays that upon final consideration of this matter that Plaintiff Jon have judgment against Defendant Austin-ISD for:

    a. Monetary damages;

    b. Reasonable and necessary attorneys' fees;

    c. Taxable expenses of litigation and costs of court; and,

    d. Post-judgment interest at the maximum lawful rate.

71. Plaintiff Jon further prays that Plaintiff Jon receive such other and further relief to which Jon may be justly entitled.

Respectfully submitted,

    Gorman Law Firm, pllc

By: _____
    Terry P Gorman, Esq.
    Texas Bar No. 08218200
    tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (214) 802-3477 (DIRECT)
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF
JON AISD DOE**

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of September 2020, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure utilizing the *VIA CM/ECF* filing system being:

**THOMPSON & HORTON LLP**
Christopher B. Gilbert
State Bar No. 00787535 Attorney-in-Charge
Jessica N. Witte
State Bar No. 24095026
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
Telephone: (713) 554-6744
Fax: (713) 583-7698
cgilbert@thompsonhorton.com
jwitte@thompsonhorton.com
**ATTORNEYS FOR DEFENDANT**
**AUSTIN INDEPENDENT SCHOOL DISTRICT**

By: _____
Terry P Gorman, Esq.